**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

STEVEN REEVES and
KRISTY REEVES,

      Plaintiffs,

v.                                                                Civ. No. 26-1038 KWR/GBW

TYLER BERGER, TIMOTHY WILDES, and
TIMOTHY WILDES SHOW HORSES,

      Defendants.

<u>**ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE**</u>

THIS MATTER comes before the Court on Plaintiff's [*sic*] Ex Parte Motion for Leave to Request Alternative Service of Process for Defendants Timothy Wildes and Wildes Show Horses.  *Doc. 11*.  For the reasons stated below, the Court finds that the motion is well-taken and will GRANT IT.

## I.      BACKGROUND

Plaintiffs filed suit in this court on April 6, 2026, bringing contract, tort, and statutory claims based on their 2025 purchase of a horse from Defendants.  *Doc. 2*.  After filing this action, Plaintiffs have had particular difficulty serving Defendants Timothy Wildes and Timothy Wildes Show Horses by personal service and by mail.  *See doc. 11* at 3.  Accordingly, on June 18, 2026, Plaintiffs filed the present motion, requesting that the Court grant permission to serve Defendants Timothy Wildes and Timothy Wildes

Show Horses by alternative methods, namely by door posting and social media service.[1]

*Id*.

## II.    LEGAL STANDARDS

### a.  Federal Service Rules

Due process requires that service of process be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).  For federal cases, Rule 4 of the Federal Rules of Civil Procedure outlines ways in which a defendant may be served.  Fed. R. Civ. P. 4.

Under Rule 4(e), an individual may be served by any of the following methods: (1) delivering a copy of the summons and of the complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process; or (4) following state law for service of a summons in state court, either where the district court is located or where service is made.  *See* Fed. R. Civ. P. 4(e).

Either New Mexico state law or Texas state law may be followed since service on an individual may be made following the state law of the state where the district court is located—New Mexico—or where service is made—Texas.  Fed. R. Civ. P. 4(e).

---

[1] Plaintiffs represent that if their motion for alternative service is granted, they will also try to effect service of process via certified mail once more.  *Doc. 11* at 3.

Because the Court finds that Plaintiffs have met the requirements for alternative service under Texas law, New Mexico state law is not addressed.

### b. Alternative Service of Process Under Texas State Law

Rule 106(a) of the Texas Rules of Civil Procedure prescribes the default methods of service: personal service upon an individual defendant or service by certified mail, return receipt requested. Tex. R. Civ. P. 106(a).[2] If service has been attempted under Rule 106(a) but is not successful, subsection (b) authorizes a court to allow for alternative service. Rule 106(b) states:

> Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under [either method in Rule 106(a)] at the location named in the statement but has not been successful, the court may authorize service:
>
> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or

---

[2] According to Plaintiffs' complaint, Timothy Wildes Show Horses is, upon information and belief, an "unincorporated and unregistered business." *Doc. 2* at 2. Rule 4(h) governs the methods by which service may be effected upon a corporation, partnership, or unincorporated association. Fed. R. Civ. P. 4(h). Rule 4(h) states that plaintiffs may serve entities within the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) is the subsection which authorizes service on an individual "following state law … in the state … where service is made." Fed. R. Civ. P. 4(e)(1). While Texas has rules governing the service of process for business entities outlined in Chapter 5 of the Texas Business Organizations Code, those service of process rules are used in addition to the general service rules provided in Tex. R. Civ. P. 106. *See* Tex. Bus. Orgs. Code Ann. § 5.256 ("This chapter does not preclude other means of service of process, notice, or demand on a domestic or foreign entity as provided by other law."). Consequently, Timothy Wildes Show Horse, as an unincorporated business, can be served pursuant to the general service rules provided in Tex. R. Civ. P. 106.

> (2) in any other manner, including electronically by social
> media, email, or other technology, that the statement or
> other evidence shows will be reasonably effective to give
> the defendant notice of the suit.

Tex R. Civ. P. 106(b); *see also Lambert v. New Era Invs. 1 LLC*, 2023 WL 3724793, at \*2

(W.D. Tex. May 30, 2023).

Under Texas law, Plaintiffs must show "reasonable efforts have been made to

serve defendants pursuant to Rule 106(a)" before receiving permission for alternative

service. *Lambert*, 2023 WL 3724793, at \*2. The alternative service must be "reasonably

calculated" to provide notice. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299

(Tex. 1993).

### III.   ANALYSIS

Plaintiffs argue that an order permitting alternative service is warranted because

Plaintiffs have not been able to serve the remaining Defendants using methods of

service authorized by Tex. R. Civ. P. 106(a) despite their diligent efforts to do so. In

support, Plaintiffs provide affidavits and other pieces of evidence from Steven Reeves

and various process servers outlining their service attempts at various addresses

associated with the unserved Defendants. *Doc. 11* at 11-25.

### a.   Plaintiffs Have Shown Reasonable Efforts to Serve Timothy Wildes and Timothy Wildes Show Horses

Rule 106(b) requires that a motion requesting alternative service of process be

supported by an affidavit that sets forth (1) the "location where the defendant can

4

*probably be found*," (2) the location of attempted service under Rule 106(a), and (3) the reason the attempted service under Rule 106(a) was unsuccessful. Tex. R. Civ. P. 106(b) (emphasis added). Here, Plaintiffs have demonstrated compliance with Rule 106(b). Plaintiff's affidavits and other evidence demonstrate the following service attempts on Defendants Timothy Wildes and Timothy Wildes Show Horses:

- **April 21, 2026:** The process server went to Defendant Timothy Wildes' home at 201 East Stone Street, Collinsville, Texas 76233 ("the Collinsville Homestead"). *Doc. 11* at 15. The server verified that the property was owned by Timothy Wildes through County Appraisal District ("CAD") records. *Id*. at 12, 15. The records showed that there had been a homestead exemption on the property since 2022. *Id*. at 15. Further, this address is where Plaintiffs mailed a check to purchase the horse at issue in this case. *Id*. at 12. Timothy Wildes cashed the check. *Id*. The server stated that when he arrived no vehicles were visible but one interior light was on. *Id*. at 15. There was no response to multiple knocks on the door and ring attempts on the camera doorbell. *Id*. Accordingly, the server taped a door hanger to the front door and left. *Id*. at 15, 17.

- **April 23, 2026:** On the server's second attempt, he stated that the address appeared "just as it did during [the] first attempt" but that the home interior appeared dark. *Id.* at 15. There was again no response when the

5

server knocked on the door, however, there was a small package near the front door addressed to Timothy Wildes.  *Id.*

- **April 28, 2026:** On the server's third attempt, the property remained unchanged except for the fact that the package addressed to Defendant was gone.  *Id*.  There was again no answer to the server's knocks.  *Id*.

- **April 29, 2026:**  Another process server went to a horse facility at 9743 E. U.S. Highway 82, Whitesboro, Texas 76273 ("the Whitesboro Business Address").  *Id*. at 18.  Plaintiff Steven Reeves stated in his affidavit that he was "familiar" with the horse facility and believes that Defendant Wildes "runs it, manages it, and keeps client's horses or his own horses there."  *Id*. at 12.  On the first attempt at service, the server spoke with a man named Lee who owns the ranch.  *Id*. at 18.  Lee directed the server to the barn.  *Id*.  When the server arrived at the barn, she spoke to another gentlemen who said that "Timothy [had] just left but he [would] be back."  *Id*.  The server left her phone number with Lee and asked him to have Timothy call her.  *Id*.

- **April 30, 2026:** The server returned to the horse facility and spoke with Lee again.  Lee stated that he "had not seen Timothy at all" that day.  *Id*.[3]

---

[3] Service was also attempted by a third server on **April 30, 2026**, at 3120 Farm to Market Road 1995, Van, Texas 75790.  *Doc. 11* at 20.  This address is the corrected address pulled from the Timothy Wildes Show Horses Facebook page.  *See id.* at 12.  The current residents at the address stated that

- **May 1, 2026:** On her third attempt, the server returned and noticed a black truck present on the property, but the building was closed. *Id*. She tried to call the number on the sign out front for Wildes Show Horses, but the number was disconnected. *Id*. She also called a different telephone number that she had located for Timothy Wildes. *Id*. No one answered the phone, so she sent a text message. *Id*.

- **On or about May 15, 2026:** Certified mail service was attempted on Timothy Wildes at 201 E. Stone Street, Collinsville, Texas 76233, *id.* at 23; and on Timothy Wildes Show Horses at 9743 E. U.S. Highway 82, Whitesboro, Texas 76273, *id.* at 25.

The Court finds that Plaintiffs have met the requirements of Tex. R. Civ. P. 106(b). "An affidavit is sufficient under Rule 106 if it provides 'evidence of probative value that the location stated in the affidavit is the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found.'" *In Interest of C.L.W.*, 485 S.W.3d 537, 541 (Tex. App. 2015) (quoting *Garrels v. Wales Transp., Inc.*, 706 S.W.2d 757, 759 (Tex. App. 1986)). There is probative evidence that Timothy Wildes (and therefore Timothy Wildes Show Horses) could probably be found at either of the addresses listed in the affidavits.

---

Timothy Wildes was a trainer there but that he had not been at that address for several years. *Id*. at 12, 20.

7

The Collinsville Homestead address is (1) listed as owned by Timothy Wildes according to county records, (2) where Plaintiff sent a check that was later cashed by Mr. Wildes, and (3) a location where Mr. Wildes seemingly receives mail. *See doc. 11* at 12, 15. As for the Whitesboro Business Address, the building has a sign for Wildes Show Horses in front of it and the process server who visited stated that she was told Timothy Wildes had been there on April 29, 2026. *Id.* at 18. Accordingly, the Court finds that Timothy Wildes can probably be found at the addresses listed in the affidavit.

The affidavits further demonstrate Plaintiffs' reasonable efforts to serve Defendants in the manners prescribed in Rule 106(a). The affidavits clearly explain (1) where and how service was attempted, and (2) why service was unsuccessful, and as such reveal why alternative service methods are warranted. *See generally doc. 11*, Tex. R. Civ. P. 106(b).

Texas courts have noted that if personal service can be effected by the exercise of reasonable diligence, then alternative service is not to be permitted. *In re E.R.*, 385 S.W.3d 552, 564 (Tex. 2012). "Reasonable diligence" includes "'inquiries that someone who really wants to find the defendant would make' and is measured by the quality of the search, not by its quantity." *JD Auto Corp. v. Bell*, 697 S.W.3d 441, 452 (Tex. App. 2024) (quoting *In re E.R.*, 385 S.W.3d at 565). Plaintiffs have met this standard. Plaintiffs have attempted personal service on several different dates at different times of day, attempted service through certified mail, researched and visited possible addresses

found on Defendant's Facebook page, called and texted phone numbers associated with Defendant, and spoken to people at Defendant's work. *Doc. 11* at 11-25. The Court sees no evidence that this effort was perfunctory and finds that Plaintiffs have exhibited reasonable diligence in trying to serve Defendants under Rule 106(a).

### b. Plaintiffs' Requested Methods of Service of Process Comply With Due Process Rights

Plaintiffs have requested leave to effect service by the following methods: (1) delivering a copy of the summons, complaint, and order authorizing substitute service to anyone older than sixteen at 201 E. Stone Street, Collinsville, Texas 76233 and 9743 E. U.S. Highway 82, Whitesboro, Texas 76273; (2) if no person answers at those addresses, firmly affixing a true copy of the summons, complaint, and order authorizing substitute service to the door, or in the case of the Whitesboro Business Address, "the primary business entrance, barn office, or other conspicuous location associated with Wildes Show Horses"; (3) serving the documents through the Facebook page for Timothy Wildes Show Horses or any Facebook account identified as Timothy Wildes' professional horse-business page; and (4) mailing the documents again by certified mail, return receipt requested to the Collinsville Homestead and the Whitesboro Business Address. *Doc. 11* at 8-9. Each of the requested methods is permissible.

Rule 106(a)(2) expressly permits service of process upon a defendant "by registered or certified mail, return receipt requested" without an order of the Court.

Tex. R. Civ. P. 106(a)(2).  Accordingly, Plaintiffs do not require leave of the Court to once again attempt service of process via certified mail.

Under Rule 106(b), once reasonable diligence has been demonstrated in an affidavit, Courts may grant leave to effect substituted service of process on another party over sixteen years of age at a specified location; electronically by social media; or in "any other manner . . . reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b).  Here, Plaintiffs' requested service methods are either expressly contemplated by the rules or are reasonably calculated to give notice of the suit.

Because the Court finds that Plaintiffs have demonstrated reasonable diligence in attempting service under Rule 106(a) and their requested methods of attempted service accord with the requirements of Rule 106(b), the Court will allow alternative service in the manners requested.  *See doc. 11* at 8-9.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Ex Parte Motion for Leave to Request Alternative Service of Process, *doc. 11*, is GRANTED.  Plaintiffs may effect service on Timothy Wildes and Timothy Wildes Show Horses in the manners outlined in their motion.  *Id.* at 8-9.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

10