**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

STEVEN REEVES and
KRISTY REEVES,

     Plaintiffs,

v.                                                              Civ. No. 26-1038 KWR/GBW

TYLER BERGER, TIMOTHY WILDES, and
TIMOTHY WILDES SHOW HORSES,

     Defendants.

<u>**ORDER GRANTING PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**</u>

THIS MATTER comes before the Court on Plaintiff's [*sic*] Motion for Leave to Request Expedited, Third Party Discovery on a Single, Limited Issue ("Motion for Expedited Discovery"). *Doc. 5*. Defendant Berger filed a response in opposition. *Doc. 17*. For the reasons stated below, Plaintiffs' motion will be GRANTED.

## I.   BACKGROUND

Plaintiffs filed suit in this Court on April 6, 2026, bringing contract, tort, and statutory claims based on their 2025 purchase of a horse ("the Horse") from Defendants. *Doc. 2*. On April 20, 2026, Plaintiffs filed a motion requesting "leave to serve a subpoena on a third-party veterinarian business used by Defendants that asks for production of the Horse's veterinarian records." *Doc. 5 at 1*. On June 25, 2026, the Court determined that ordering expedited discovery would be inappropriate before any defendant was heard on the issue. *Doc. 13*. Accordingly, the Court ordered Defendant

Tyler Berger, the only defendant to enter an appearance in the case, to respond to Plaintiff's Motion no later than July 9, 2026.[1]  *Id.* at 2.  Defendant Berger filed a response in opposition on July 13, 2026, arguing, *inter alia*, that ruling on Plaintiffs' motion was premature, Plaintiffs failed to show good cause for the expedited discovery under Rule 26(d)(1), and Plaintiffs' Motion for Expedited Discovery constituted an attempt to improperly search for a claim against her.  *Doc. 17*.

## II.    LEGAL STANDARD

"Under Rule 26(d)(1), the Court may grant expedited discovery outside the normal timing and sequence of discovery—i.e., prior to the parties' conferring—for good cause.  *United States ex rel. Kuriyan v. Health Care Servs. Corp.*, 2019 WL 11623920, at *2 (D.N.M. Jul. 23, 2019) (citing *Hawley v. Bowser*, 2006 WL 8444279, at *1 (D.N.M. Apr. 7, 2006)).  The party seeking expedited discovery before a Rule 26(f) conference "has the burden of establishing that the requested departure from usual discovery procedures is warranted."  *Metal Bldg. Components, L.P. v. Caperton*, 2004 WL 7337726, at *3 (D.N.M. Apr. 2, 2004).  "Good cause may be found where the plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendant…[it is]

---

[1] In the Court's Order Regarding Plaintiffs' Request for Ruling, Tyler Berger is referred to using masculine he/him pronouns.  *See doc. 13* at 2.  This is because in Defendant Berger's own Pre-Answer Motion to Dismiss, Defendant Berger used he/him pronouns.  *See doc. 7* at 1 ("Defendant Tyler Berger…appearing pro se, and without waiving *his* objections to service of process…") (emphasis added).  However, in Defendant Berger's Response to Plaintiff's Motion for Expedited Discovery, *doc. 17*, she used feminine she/her pronouns.  *See doc. 17* at 2 ("Berger has challenged whether *she* was properly served and whether this Court may exercise personal jurisdiction over *her*.") (emphasis added).  Additionally, in correspondence between the parties, Plaintiffs refer to Defendant Berger as "Ms. Berger."  *See doc. 5* at 14-15.  Accordingly, the Court will assume that feminine she/her pronouns are appropriate for Defendant Berger and will refer to her using those pronouns as necessary.

frequently found…when physical evidence may be consumed or destroyed with the passage of time." *Id*. at *4.  While "[c]ourts should not grant such leave without some showing of necessity for the expedited discovery," *Kuriyan*, 2019 WL 11623920, at *2 (quotation omitted), "[t]he district court has wide discretion in its regulation of pretrial matters." *Si-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990) (citation omitted).

### III.    ANALYSIS

Plaintiffs assert that they have met the good cause standard required for expedited discovery because (1) the Horse is at risk of dying, i.e., being "destroyed"; (2) the discovery request is extremely narrow; (3) the burden on Defendants is minimal; (4) preserving the Horse could be crucial to assessing liability and damages; and (5) reviewing the veterinary records will lead to a quicker end to the dispute.  *Doc. 5*.

The Court finds that the past veterinary records for the Horse may help determine "whether additional veterinarian examinations must be conducted" and may therefore aid in the Horse's preservation.  *See id.* at 6.  Further, the discovery request is extremely limited and places essentially no burden on Defendants.  Accordingly, Plaintiffs have shown that their need for expedited discovery outweighs the possible prejudice or hardship to Defendants and have thus satisfied the good cause standard. *See Metal Bldg. Components, L.P*, 2004 WL 7337726, at *4.

Defendant Tyler Berger submitted a response in opposition to Plaintiffs' request, arguing they had failed to meet the good cause standard.  *Doc. 17*.  Defendant Berger is

3

proceeding *pro se*, accordingly, the Court must construe her pleadings liberally and hold them "to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, *pro se* status does not excuse a party from abiding by relevant federal and local rules of procedure.  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Defendant Berger's Response argues that: (1) the Court should resolve the question of personal jurisdiction over her before allowing any expedited discovery, (2) Plaintiffs have not shown good cause under Fed. R. Civ. P. 26(d)(1), (3) the veterinary records are merits discovery, not jurisdictional discovery; and (4) Plaintiffs have not shown that the requested records are necessary, narrowly tailored, or likely to resolve any genuine issue relevant to jurisdiction.  *Doc. 17*.

The Court will address Defendant Berger's arguments for why Plaintiffs have not met the good cause standards on the merits.  However, the rest of Defendant Berger's arguments contain no citations to any caselaw or relevant legal principle.  *See doc. 17*. Accordingly, they violate Local Rule 7.3, and the Court will not consider them. D.N.M.LR-Civ. 7.3 ("A motion, response, or reply must cite authority in support of the legal positions advanced….  Parties must submit evidence, in the form of declarations, affidavits, deposition excerpts, or other documents, in support of allegations of fact.").

On the issue of good cause, Defendant Berger argues that:

Plaintiffs have not shown that the veterinary records are in danger of being lost or destroyed.  They have not shown that immediate production is necessary to avoid irreparable prejudice.  They have not shown that the

4

requested early subpoena is needed to identify an unknown defendant or preserve fleeting evidence.  Instead, Plaintiffs seek ordinary records from a known third party in order to develop their case.

*Doc. 17* at 3.  While Defendant's points are well taken, the veterinary records may help preserve the Horse.  *See doc. 5* at 5.  The Court is persuaded that the Horse's preservation may simplify the process of determining liability and damages and may lead to a quicker resolution of the case.  *Id.* at 6-7.  Plaintiffs are not required to show irreparable prejudice, just that their need for expedited discovery outweighs the possible prejudice or hardship to Defendants. *See Metal Bldg. Components, L.P*, 2004 WL 7337726, at *4.  The prejudice to Defendants is exceedingly minimal, accordingly, the Court finds that Plaintiffs have shown there is good cause for them to subpoena the veterinary records of the Horse.

### IV.    CONCLUSION

Based on the foregoing, the Court will GRANT Plaintiffs' Motion for Expedited Discovery (*doc. 5*).  Plaintiffs may serve a subpoena on third-party Equine Medical Services in Pilot Point, Denton County, Texas, with a single request for production of the Horse's veterinary records.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

5